26      388
25 SC ¹231
26      388
34 SC  370

## McNair *versus* The Commonwealth, for Trustee of Mrs. Pearson.

A witness whose only knowledge of the handwriting of a party is derived from having seen such party write his signature once, may be admitted to testify his belief of the handwriting of such person, when it comes in question: but the rule cannot be extended beyond this.

Where the recollection of the character of the handwriting has been effaced by time, the witness may be permitted to revive his memory of it by the inspection of a writing which he knows to be genuine; but if such comparison fails to refresh his recollection, so that he can testify independently of the comparison, he is incompetent to prove the handwriting.

A release by husband and wife, prior to the Act of 11th April, 1848, of a sum of money secured to the wife in the Orphans' Court, where the wife did not make the declaration nor the husband give the security required by the Act of 1832, will not bar a recovery for the use of the wife.

Such release would be a bar to the recovery of the interest on the fund to which the husband was entitled during his life.

ERROR to the Common Pleas of *Adams county.*

This was an action of debt, in the name of the Commonwealth of Pennsylvania, for the use of R. G. McCreary, trustee of Isaac E. Pearson, and Lavina Maria, his wife, against Samuel S. McNair, on a recognisance in the Orphans' Court of Adams county.

The defendant, Samuel S. McNair, took certain real estate belonging to his deceased father, at the valuation in the Orphans' Court, and entered into recognisance on the 28th April, 1834, to pay to Isaac E. Pearson, and Lavina Maria Pearson, the sum of $65.16, in one year, and the further sum of $32.58, at the death of Lavina McNair, the widow of the intestate. These two sums constituted the interest of Mrs. Pearson in the real estate of her father. The widow died on the 30th November, 1842. Pearson and wife assigned the recognisance to McCreary, in trust for themselves.

On the trial in the court below, the defendant produced the following release :—

June 30, 1835.

Received of Samuel S. McNair, Eighty Dollars, in full of all claim and demand, for the interest of Maria Pearson, late Maria McNair, in and to the farm of which her father, Samuel McNair, deceased, died seised and intestate, and which Samuel S. McNair has taken at the valuation thereof; and in consideration of the above payment, we do for ourselves, our heirs and assigns, release and for ever quit claim the said Samuel S. McNair from the payment of our proportion of any dower that may be reserved in said farm.

ISAAC E. PEARSON,     [Seal.]
MARIA PEARSON,        [Seal.]

[McNair *v.* The Commonwealth.]

The handwriting of Pearson to the release was then proved by a witness, and Jacob Myers called, whose testimony was as follows:—

"I was an acting magistrate in Freedom township. I have seen both Pearson and his wife write—him frequently, and her never but once: it was the time the deed was acknowledged.

"They signed this deed in my presence. I saw them sign it. I believe this to be J. E. Pearson's handwriting (to the release). I have seen Mrs. Pearson write. She wrote her name to the deed. I have no recollection independent of the deed—independent of the comparison. I have no recollection independent of the deed. If I had not the deed before me, I would not undertake to say anything about her handwriting. From having seen her write her name, I believe this is her handwriting. I know she wrote it to the deed, and, therefore, upon comparing it, I think it is hers. I cannot speak from recollection without comparing it."

The release being offered as the receipt of both parties, was objected to by the plaintiffs and rejected by the court, for want of proof of Mrs. Pearson's handwriting.

It was again offered in connexion with the deed and the testimony of Jacob Myers, and again rejected by the court.

It was offered a third time for the purpose of establishing the receipt or release of the husband alone, and as a credit *pro tanto* for the amount paid, and objected to by plaintiff; but admitted by the court to discharge such interest as may be due, but not as payment of any part of the principal.

The wife had never made the declaration required by the Act of 29th March, 1832, section 48, nor had the husband given security as required by the same section of the said act.

The court below (FISHER, P. J.) charged the jury, in substance, that the only effect of the payment of the $80 to the husband, on the 30th June, 1835, would be that it would go to the liquidation of the interest accruing on the recognisance, to which the husband was entitled during life, but that from the principal of the fund there could be no deduction.

The jury found for the plaintiffs $97.74, being the amount of the principal.

The defendant sued out this writ, and assigned for error the rejection of the release as above stated, and the charge of the court, for error.

*M.* and *W. McClean,* for plaintiff in error, on the question of the handwriting, cited and relied on the cases of Farmers' Bank of Lancaster *v.* Whitehill, 10 *Ser. & R.* 110, and Shitler *v.* Bremer, 11 *Harris* 413.

On the payment to the husband: Lawson's Appeal, 11 *Harris* 85.

[McNair *v.* The Commonwealth.]

*McCreary*, for defendant in error, on the first point cited McCorkle *v.* Binns, 5 *Binn.* 349 ; Callan *v.* Gaylord, 3 *Watts* 321 ; Vickroy *v.* Skelley, 14 *Ser. & R.* 373 ; 2 *Stark. on Ev.* 651 ; Baker *v.* Haines, 6 *Whart.* 284.

On the second, submitted that the case of Lawson's Appeal arose under the Act of 11th April, 1848, and the money there *was paid to the wife.*

The opinion of the court was delivered by

LEWIS, C. J.—To admit a witness to testify his belief of the handwriting of a party from having seen him write his signature only once, is to go quite far enough in support of that description of evidence. If a solitary transaction, although so slight as the subscription of a single name, have made an impression on the mind of the witness of the character of the handwriting, he may be permitted to testify his belief in cases where the writing of the party comes in question. If that impression has been effaced by the lapse of time, the memory may be revived by an inspection of the writing which the witness knows to be genuine. But if such inspection entirely fails to refresh his memory—if, after all, he can only speak from comparison of the two signatures, and has no recollection, independent of the signature itself, he is incompetent to prove the handwriting. His testimony amounts to nothing more than comparison of the two signatures, and that could be done by the jury as well, and by experts better than by the witness. The court was therefore right in rejecting the release as inoperative upon the interest of Mrs. Maria Pearson.

As she was a *feme covert*, and the transaction was prior to 1848, we do not perceive how the paper could bar her rights even if her signature had been proved. It is not pretended that there was any sort of acknowledgment before a magistrate. We understand the court as giving full effect to the instrument, so far as regards the husband's interest.

The jury were told that he " had no right to receive or release any portion of his wife's estate, secured as this is by recognisance, but the interest which annually accrues on the amount secured he is entitled to receive during his life." This instruction was correct. There is no error in the proceedings below.

Judgment affirmed.