## Marks License

*Houck & Barron,* for appellant.

*Robert B. Brugler,* for Secretary of Revenue.

LEHMAN, P. J., March 12, 1964.—On April 10, 1963, Edward H. Marks, defendant, filed his appeal from an order of the Secretary of Revenue suspending his operating privilege for a period of one month on the basis of his alleged speeding. . . .

It is evident that after Trooper Dixon had metered defendant by means of radar, at a speed in excess of that allowed by law, he communicated by radio with the advanced vehicle occupied by Trooper Weiksner to stop defendant and advise him of his violation. Trooper Weiksner had no personal knowledge of defendant's alleged speed. Presumably, he was advised by Trooper Dixon of the speed the latter read on his meter. After apprehending defendant, Trooper Weiksner made a report of the alleged violation. Trooper Dixon frankly admitted that he had no personal recollection of the incident because of the large number of vehicles that had been metered by him and had no recollection after attempting to refresh same from the notes as made by Trooper Weiksner. These notes were not prepared by Trooper Weiksner in the presence of Trooper Dixon nor were they examined by Trooper Dixon until the day of the hearing, a period of more than a year after the alleged violation. There was no testimony that Trooper Weiksner made these notes under the supervision or direction of Trooper Dixon. Trooper Dixon was unable to testify that the writing correctly stated the facts. For these reasons, we sustained the objection of counsel for defendant and did not permit Trooper Dixon to testify as to the speed defendant was metered.

A witness must be able to state from his personal knowledge that the memorandum correctly states the facts: Sabin v. Michaelsen, 72 Pa. Superior Ct. 226.

If a witness knows that a copy is a true and correct one, he may refresh his recollection from same: Edwards v. Gimbel, 202 Pa. 30, 51 Atl. 357. If it serves to refresh his recollection, he must testify as to what he recalls independently of the memorandum: McNair v. Commonwealth, for Trustee of Mrs. Pearson, 26 Pa. 388.

It is not necessary for us to determine whether the notes or report prepared by Trooper Weiksner, if properly qualified, could have been offered in evidence under the Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42, sec. 1-4, 28 PS §91a-d, or under the official statements exception. Cf. Fauceglia v. Harry, 409 Pa. 155, 160, 185 A. 2d 598, 601; Commonwealth v. Perdok, 411 Pa. 301, 306, 192 A. 2d 221, 224. Counsel for the Commonwealth did not offer for admission in evidence the notes or report, nor was there any effort made to lay a foundation for the introduction of said notes or report under the business records or official statements exceptions to the hearsay rule.

The record is devoid of any violation of The Vehicle Code of April 29, 1959, P. L. 58. Accordingly, we enter the following:

### Decree

Now, March 12, 1964, it is ordered and decreed that the within appeal be and is hereby sustained, the order of the Secretary of Revenue suspending the operating privilege or license of defendant is hereby set aside and the Secretary of Revenue is directed to reinstate defendant's motor vehicle operating privilege forthwith. Defendant shall pay the costs of this proceeding. Exception is noted to Robert B. Brugler, Esq., counsel for Commonwealth.