368 A.2d 812

COMMONWEALTH of Pennsylvania

v.

George LEE, Appellant.

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Dec. 15, 1976.

Gene E. Goldenziel, Asst. Public Defender, Scranton, for appellant.

Anthony J. Popeck, Asst. Dist. Atty., and Paul R. Mazzoni, Dist. Atty., Scranton, for appellee.

Before WATKINS, P. J., and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from appellant's conviction by a jury of delivery of a controlled substance and conspiracy to deliver. The sole issue raised in this appeal is whether the trial court erred in refusing to admit the magistrate's transcript of the preliminary hearing to enable appellant to impeach the credibility of the Commonwealth's sole eyewitness, an undercover narcotics agent with the State Police, who allegedly gave contradictory testimony at the preliminary hearing. We disagree with appellant's allegation of error in that regard and will affirm.

At appellant's trial State Trooper Nicholas Genova testified as to the following facts. On August 13, 1974 he was acting as an undercover narcotics agent in Scranton, Pennsylvania. While drinking in a local bar in hope of finding someone to sell him marijuana, Trooper Genova met one Preston Cross who told Genova that he could not get him marijuana, but could get methamphetamine. Cross and Genova then went to the corner of Mulberry and Taylor Streets, where Trooper Genova saw appellant drive up in a Datsun automobile, get out and hold a brief discussion with Cross, after which appellant handed Cross something which Cross in turn then delivered to Genova. After examining the contents of the foil packets which Cross handed to him and determining that the substance inside was methamphetamine, Trooper Genova gave Cross forty dollars which Cross in turn paid to appellant. Appellant then went into a bar on the corner. Appellant was not arrested until the undercover narcotics investigation was completed. Although there currently is an outstanding arrest warrant for Cross, his whereabouts are unknown and he was not available at trial.

Appellant testified at his trial and denied ever having made the sale. He admitted only seeing Cross on the corner that night, exchanging greetings with Cross at

that time because they had been long-time neighbors in Wilkes-Barre where both men still lived, and entering the bar to buy some beer. Appellant explained that he had been visiting with two women in a nearby apartment, and had been appointed to go out and get beer.

Appellant's story was corroborated by Catherine Cummings, one of the women with whom appellant had been visiting. Miss Cummings had also attended the preliminary hearing and, at trial, she testified that Trooper Genova's recitation of the facts at trial, as condensed above, was different from the testimony he gave at the preliminary hearing in several crucial aspects. Indeed, she testified that Genova first recounted at the preliminary hearing that the sale took place inside appellant's Cadillac rather than outside of her Datsun which appellant and she had been using that evening, and that Cross had the money when he received the narcotics from appellant. Miss Cummings further testified that, after a recess at the preliminary hearing, Genova resumed the witness stand, only this time he said appellant drove up in a Datsun and got out, and that Cross met him beside the car where the transaction took place. In either event, according to Miss Cummings, Trooper Genova testified that Cross had the money when he met appellant, rather than having to return with it after the drugs received Genova's approval.

■ In order to corroborate Miss Cummings testimony, and thereby demonstrate that Trooper Genova's testimony was a fabrication, appellant sought to introduce the search warrant for his car, and the magistrate's transcript of the preliminary hearing. The court admitted the search warrant into evidence, but refused to permit the transcript to come in.[1] The relevant portion of

1. The search warrant for appellant's Cadillac contained the following statement in the affidavit:

"In that on August 13, 1975, the above named George Lee did deliver controlled substances to Trooper Nicholas Genova, Pennsylvania State Police, and that said delivery was made through

the transcript, which is nothing more than capsule version of the salient facts found by the magistrate in support of his decision to refer the case to the grand jury, recited the following:

"Trooper Nicholas Genova, Pennsylvania State Police, on narcotics duty for four (4) years, testified that 9/13/74 [sic] at 9:15 P.M., he met at the Wine Cellar at 1200 Mulberry St., Scranton, Pa. with one Preston Cross and Trooper Joseph Stella. Preston *Cross received Forty Dollars ($40.00) from Trooper Genova for purchase of a Controlled Substance.* Cross, in turn, obtained Methamphetamine from the defendant, George Lee, and delivered it to Trooper Genova. *Transaction between Cross and Lee took place at Oscar's Bar,* Mulberry Street, Scranton, Pa." [Emphasis added.]

Thus, the magistrate's findings indicate that Trooper Genova testified that Cross had the money for the purchase before he approached appellant.

■ ■ Appellant argues that the magistrate's transcript falls within the hearsay exception for official documents and, as such, is admissible despite its not being a complete stenographic record of the hearing.[2] We disagree.

■ "A common law exception to the hearsay rule exists for written statements of public officials made by

one Preston Cross *who received the drug from Lee while seated in his 1969 Cadillac bearing* PA6G7615."

However, since the search warrant was not prepared by Genova, this statement could not directly impeach his testimony.

2. Appellant also argues that the transcript could come in under the Business Records exception. Similar reasons to those dispositive of the Official Documents argument persuade that the Business Records argument must fail also. In any event, before the Business Records exception obtains, a foundation must be laid showing, inter alia, that the entry was made in the routine of business and that the recorder was unavailable. See generally McCormick, Handbook of the Law of Evidence 720 (2d ed. 1972). Appellant showed neither of these prerequisites.

public officials with a duty to make them, made upon firsthand knowledge of the facts." McCormick, Handbook of the Law of Evidence 735 (2d ed. 1971). This general statement of the official documents exception is followed in Pennsylvania. *Commonwealth v. Perdok*, 411 Pa. 301, 192 A.2d 221 (1963). See also *Githens, Rexsamer & Co., Inc. v. Wildstein*, 428 Pa. 201, 205, 236 A.2d 792 (1968); *Edwards v. Gimbel*, 202 Pa. 30, 37–38, 51 A. 357 (1902); *Numbers v. Shelly*, 78 Pa. 426 (1875). In addition, in many of the reported cases in Pennsylvania, official documents were properly excluded from evidence because the proponent could not point to an official duty to prepare the document. For example, in *Edwards v. Gimbel*, supra, notes from a coroner's inquest were not admitted into evidence because the coroner was not duty bound to take such notes. Similar rulings have been made with respect to judge's notes of a previous trial. See V Wigmore on Evidence § 1666 (3rd ed. 1940). Wigmore reports, however, that committing magistrates' reports of testimony at preliminary hearings are frequently admitted into evidence at trial, because those reports are commonly kept pursuant to a statutory duty. *Id.* at § 1667. Where statutes or other rules of law placed the obligation to make such findings upon a magistrate, the duty sufficed to admit the document without calling the magistrate to testify. *Id.* On the other hand, regardless of whether a document as a whole was prepared under an official duty, entries in the document which were superfluous to the duty could not be proved under the official documents exception to the hearsay rule. *Id.* at § 633(4).

■ Turning to appellant's argument in the instant case, Pa.R.Crim.P. 146, 19 P.S., Appendix (1976) is cited as establishing a duty for a magistrate to make transcripts of proceedings in cases held for court and to deliver them to the clerk of courts. Rule 146 requires that in such cases the transcript "shall contain all the infor-

mation required to be recorded on the issuing authority's docket under Rule 26." However, under Rule 26, a statement of the facts which persuaded the issuing authority to hold the defendant for court is not required. In other words, the transcript required to be prepared under Rule 146 is not a transcrit of a magistrate's hearing notes, but merely a transcript of his docket entries. Indeed, the new form prepared by the State Court Administrator's Office pursuant to Pa.R.J.P. 205, 42 P.S., Appendix (1976) does not indicate a place where the issuing authority is to record any of his factual findings. Thus, in the instant case, the magistrate was under no duty to set forth in his transcript the substance of the testimony of Trooper Genova at the preliminary hearing. Since the duty to record the matter to be proved is the *sine qua non* of the official documents exception to the hearsay rule, and since appellant points to no duty requiring a magistrate to record a summary of the testimony received at a preliminary hearing, the trial court properly refused to admit the magistrate's statement of Trooper Genova's testimony. The proper method of proving that fact would have been to call the magistrate to testify and if he could not recall Trooper Genova's testimony, to use the statement in the transcript either to refresh his recollection or to put the statement into evidence as past recollection recorded. See McCormick, Handbook of the Law of Evidence 712–16 (2d ed. 1972).

Judgments of sentence are affirmed.

HOFFMAN, PRICE and SPAETH, JJ., concur in the result.