577 A.2d 899

**COMMONWEALTH of Pennsylvania**

v.

**Tonya D. LONG, Appellant.**

Superior Court of Pennsylvania.

Submitted June 7, 1990.

Filed July 13, 1990.

Carleton G. Goodnow, Glenside, for appellant.

Mary Macneil Killinger, Asst. Dist. Atty., Norristown, for Com., appellee.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

TAMILIA, Judge:

Appellant Tanya D. Long appeals from judgment of sentence entered October 24, 1989, after she was convicted of speeding in a school zone [1] in a de novo hearing following her appeal from the judgment of a district justice, and sentenced to pay a fine of $45 and costs for a total of $67.50.

The facts which gave rise to this appeal are as follows. On February 1, 1989, appellant was cited for a violation of section 3365(b) of the Vehicle Code by a Springfield Township police officer using a VASCAR-plus radar timing unit. At the time of the citation, appellant was driving in an established school zone near LaSalle College High School.

On appeal, appellant first argues she cannot be convicted for failing to heed a school zone speed sign which was improperly placed. The disputed traffic control device was in an overhead position rather than posted on the right-hand side of the road, as appellant contends it should have been.

The statutory provisions for compliance with traffic-control devices are set forth in section 3111 of the Vehicle Code.

(b) **Proper position and legibility of device.**—No provision of this title for which official traffic-control devises are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section does not state that official traffic control devices are required, the section shall be effective even though no devices are erected or in place.

1. 75 Pa.C.S. § 3365(b).

(c) **Presumption of authorized placement.**—Whenever official traffic-control devices are placed or held in position approximately conforming to the requirements of this title, the devices shall be presumed to have been so placed by the official act or direction of lawful authority, unless the contrary shall be established by competent evidence.

(d) **Presumption of proper devices.**—Any official traffic-control device placed or held pursuant to the provisions of this title and purporting to conform to the lawful requirements pertaining to such devices shall be presumed to comply with the requirements of this title, unless the contrary shall be established by competent evidence.

75 Pa.C.S. § 3111. Department of Transportation regulations concerning school zone speed limits are also set forth in Title 67 of the Pennsylvania Code:

(a) *Establishment.* A school zone speed limit may be established in accordance with section 3365(b) of the Vehicle Code (75 Pa.C.S. § 3365(b)) provided an engineering and traffic study, justifying the proposed school zone speed limit, has been conducted in accordance with § 201.32 (relating to school zones and school zone speed limits), and the proposed school zone speed limit has been approved by the Department. The school zone speed limit shall be established only within a school zone established as a result of an engineering and traffic study made in accordance with and approved by the Department. The school zone speed limit shall not extend beyond the school zone.

(b) *Posting.* A school zone speed limit shall be posted on official traffic control devices as follows:

(1) At the beginning of the school zone speed limit *on the right side of the roadway,* one of the following signs or groups of signs will be posted:

(i) A Speed Limit Sign, R2-1, with the appropriate school zone speed limit, with a School Panel, S4-3, mounted above the R2-1 sign and a When Flashing

Sign, S4–4, mounted below the R2–1 sign, with two flashing Speed Limit Sign Beacons as provided in § 211.1072 (relating to speed limit sign beacons).

(ii) A Department-approved Variable School Speed Limit Sign as provided in § 211.971 (relating to variable school speed limit sign).

(iii) A Speed Limit sign, R2–1, with the appropriate school zone speed limit, with a School Panel, S4–3, mounted above the R2–1 sign and a Restricted Hours Panel, R3–20, mounted below the R2–1 sign.

(2) An End School Zone Sign, S4–11, shall be posted on the right side of the roadway at the end of the school speed limit zone.

67 Pa.Code § 211.75 (1983) (emphasis added).

Appellant argues the above departmental regulations are clear and unambiguous, and insofar as the regulations govern and clarify other provisions of the Vehicle Code, they become penal in nature and must be strictly construed. 1 Pa.C.S. § 1928; *Commonwealth v. Hill,* 481 Pa. 37, 391 A.2d 1303 (1978). "However, strict construction does not require that the words of a criminal statute be given their narrowest meaning or that the legislature's evident intent be disregarded." *Commonwealth v. Gordon,* 511 Pa. 481, 515 A.2d 558 (1986).

In attempting to ascertain the meaning of the statute, we are required to consider the intent of the legislature and are permitted to examine the practical consequences of a particular interpretation. *Commonwealth v. Stewart,* 375 Pa.Super. 585, 544 A.2d 1384 (1988). We are to presume the legislature did not intend a result that is absurd or unreasonable. *Commonwealth v. Martorano,* 387 Pa. Super. 151, 563 A.2d 1229 (1989).

In this light, we examine related Department of Transportation regulations. Section 211.28 of the regulations deals with the standardization of location of traffic control devices.

(a) *Right-hand side.* Standardization of location can-not always be attained in practice; however, the general rule is to locate signs on the right-hand side of the roadway, where the driver is looking for them. On wide expressways or when some degree of lane use control is desirable, or when space is not available at the roadside, overhead signs are often necessary. . . .

67 Pa.Code § 211.28 (1983).

Section 211.29 then specifically deals with overhead sign installations, such as the one instantly.

(a) *Justification.* The operational requirements of our present highway system are such that overhead signs will have value at many locations. The factors justifying the use of overhead signs are not definable in specific numeri-cal terms, but the following conditions deserve considera-tion:

(1) Traffic volume at or near capacity.

(a) High speed of traffic.

(ii) Insufficient space for ground signs.

(b) *Ground signs.* The existence of any one or more of the conditions listed in subsection (a) does not automat-ically justify the use of signs overhead. Rather, over-head signs have application in lieu of or as an adjunct to ground signs when engineering study indicates that they are needed. Some of the elements listed in this section can be made less critical by close coordination between design and operation.

*Id.,* § 211.29.

Appellant argues the need for uniformity of placement of traffic control devices and signs mandates their placement on the right-hand side of the roadway, and precludes over-head sign placement, thereby requiring dismissal of the charge against her. However, the above regulations and their common sense application by this Court clearly encom-pass the multitude of conditions and diversity of our road-ways which prevents the identical placement of every sign. Such rigidity would often negate the ameliorative goals of the traffic control devices themselves. For these reasons,

we find the school zone speed limit sign in this case was positioned properly, as required by section 3111 of the Vehicle Code, and absent any competent evidence to the contrary, the Commonwealth is entitled to a presumption that it was placed in accordance with statutory and regulatory requirements. Appellant's argument is therefore without merit.

■ Appellant next argues the Department of Transportation Bureau of Traffic Engineering Flashing Warning Device Permit was improperly admitted. As our examination of the record in this case discloses neither a certified copy of the permit, nor the original, we rely on the Opinion of the trial court.

[Appellant] alleges the Commonwealth's authority to erect and establish a school speed zone on Cheltenham Avenue near LaSalle College High School was erroneously admitted as hearsay evidence. However, the Commonwealth produced a certified copy (the original was present at trial) of the Flashing Warning Device Permit issued by PennDot for a school flashing light sign on Cheltenham Avenue. Pennsylvania courts recognize the official statement exception to the hearsay rule for written statements of public officials prepared pursuant to an official duty. *Commonwealth v. Slider*, 229 Pa.Super. 93, 323 A.2d 367, [376] (1974). *Commonwealth v. Lee*, 244 Pa.Super. 460, 368 A.2d 812 (1976). *Commonwealth v. Burkett*, 300 Pa.Super. 72, 445 A.2d 1304 (1982). This exception avoids the inconvenience and disruption of public affairs which appearances in court would otherwise require. *Commonwealth v. Slider, supra.* The Flashing Warning Device Permit was prepared by a public official as part of his duty and therefore was properly admitted under that exception.

Slip Op., Brown, J., 2/6/90, p. 2.

Viewing all inferences reasonably drawn from the evidence of record and read in the light most favorable to the Commonwealth as verdict winner, we find the evidence

sufficient to sustain appellant's conviction. *Commonwealth v. Hughes,* 521 Pa. 423, 555 A.2d 1264 (1989).

Judgment of sentence affirmed.