J-S45030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ILIJA PILIC | |
| Appellant | No. 1802 MDA 2014 |

Appeal from the Judgment of Sentence of October 14, 2014
In the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0003057-2012

BEFORE:  BOWES, J., WECHT, J., and FITZGERALD, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED SEPTEMBER 08, 2015**

Ilija Pilic appeals his October 14, 2014 judgment of sentence.  We affirm.

On August 25, 2012, around 2 a.m., Carlisle Police Officer Matthew Kennedy was on patrol in a marked police car near the intersection of Church Avenue and South Hanover Street in Carlisle.  Church Avenue is a one-lane, one-way street.  At the intersection with Hanover Street, a stop sign is posted on the right side of the street and a sign that says all traffic must turn right is posted on the left side of the street.  Both signs are visible.  The all traffic must turn right sign had been posted in that location for fourteen or fifteen years.

---

[*]     Former Justice specially assigned to the Superior Court.

Officer Kennedy saw a red BMW go straight through the intersection, instead of turning right onto Hanover Street as required by the posted sign. Officer Kennedy pulled the car over and spoke with the driver, Pilic. Pilic told Officer Kennedy that Pilic saw the officer and that "he went straight anyway." Notes of Testimony ("N.T."), 4/15/2014, at 11. Pilic had both alcohol and THC in his system.

Pilic was charged with driving under the influence ("DUI") – general impairment, DUI – general impairment with a blood alcohol content of .08-.10%, DUI – combination of drugs, DUI – controlled substance, and obedience to traffic control devices.[1] On February 26, 2014, Pilic filed a pre-trial motion in which he asserted that, because the all traffic must turn right sign was illegally placed, Pilic did not violate the Motor Vehicle Code. Therefore, Pilic argued that Officer Kennedy lacked probable cause for the traffic stop. Because there was no probable cause, Pilic contended that the stop was illegal and that all evidence derived from the stop should be suppressed. After a hearing on April 15, 2014, at which Officer Kennedy testified, the trial court denied the motion.

On August 19, 2014, Pilic proceeded to a non-jury trial. At trial, Pilic stipulated that he was driving the car, that he was impaired and incapable of safe driving, and that he was under the influence of alcohol and had

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(a)(2), 3802(d)(3), 3802(d)(1)(i)(ii)(iii), and 3111(a), respectively.

sufficient levels of THC in his blood for DUI purposes. N.T., 8/19/2014, at 3. The parties stipulated that the reason for the stop was that Pilic went straight through the intersection instead of turning right. The testimony from the suppression hearing was incorporated into the trial record. *Id.* at 4. Following those stipulations, the trial court found Pilic guilty of the DUI counts, but not guilty of the obedience to traffic control devices offense.[2] *Id.* at 5.

On October 14, 2014, Pilic was sentenced to seventy-two hours to six months' imprisonment, along with fines, costs, and drug and alcohol treatment. N.T., 10/14/2014, at 3. Pilic indicated his intent to appeal immediately. He requested bail pending appeal, which the trial court granted. *Id.* at 2.

On October 27, 2014, Pilic filed a notice of appeal. On October 28, 2014, the trial court ordered Pilic to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Pilic timely complied. On January 5, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Pilic presents one issue for our review:

---

[2] The trial court stated that its standard practice was to find a defendant not guilty of the associated summary offenses in cases like the instant one. *Id.* at 3-4. The trial court recognized that the summary offense was, however, the basis of the stop and the issue Pilic intended to appeal. *Id.* at 5.

Did the suppression court err when it denied [Pilic's] omnibus pre-trial motion challenging the validity of the traffic stop which resulted in [Pilic's] arrest and conviction where [Pilic] was stopped for violating 75 Pa.C.S. § 3111(a) even though the traffic-control device at issue was not properly positioned?

Pilic's Brief at 6.

When reviewing the denial of a suppression motion, our standard of review is as follows:

An appellate court's standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the prosecution prevailed in the suppression court, we may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Wells*, 916 A.2d 1192, 1194-95 (Pa. Super. 2007).

Pilic argues that, because the all traffic must turn right sign was on the left side of the street, pursuant to the Manual on Uniform Traffic Control Devices ("MUTCD"), it was placed on the wrong side of the street. Pilic asserts that he did not violate section 3111(a), because there is no violation if a traffic sign is not in a correct position. Pilic argues that, because he did not violate the Motor Vehicle Code, Officer Kennedy did not have probable cause for the traffic stop. Therefore, Pilic concludes that the evidence resulting from the stop should have been suppressed. Pilic's Brief at 10-21.

- 4 -

A police officer has the authority to stop a vehicle for a violation of the Motor Vehicle Code. 75 Pa.C.S.A. § 6308(b). Instantly, because Pilic's alleged violation of the Motor Vehicle Code did not require further investigation, the traffic stop had to be supported by probable cause.

> Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation. In such an instance, it is encumbent [*sic*] upon the officer to articulate specific facts possessed by him, at the time of the questioned stop, *which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the Code.*

***Commonwealth v. Feczko***, 10 A.3d 1285, 1291 (Pa. Super. 2010) (citation and quotation marks omitted; emphasis in original). Officer Kennedy testified that, by observing Pilic disobey the all traffic must turn right sign, he had probable cause to believe that Pilic had violated the Motor Vehicle Code. In response, Pilic argues that, because the sign was illegally placed, he did not violate the Motor Vehicle Code and there was no probable cause to stop him.

To determine if Officer Kennedy had probable cause, we must consider whether Pilic violated the Motor Vehicle Code. Section 3111 states, in pertinent part, as follows:

> **(a) General rule.** – Unless otherwise directed by a uniformed police officer or any appropriately attired person authorized to direct, control or regulate traffic, the driver of any vehicle shall obey the instructions of any applicable official traffic-control device placed or held in accordance with the provisions of this title, subject to the privileges granted the driver of an emergency vehicle in this title.

*   *   *

**(b) Proper position and legibility of device.** – No provision of this title for which official traffic-control devices are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person. Whenever a particular section does not state that official traffic-control devices are required, the section shall be effective even though no devices are erected or in place.

**(c) Presumption of authorized placement.** – Whenever official traffic-control devices are placed or held in position approximately conforming to the requirements of this title, the devices shall be presumed to have been so placed by the official act or direction of lawful authority, unless the contrary shall be established by competent evidence.

*   *   *

75 Pa.C.S.A. § 3111.

With regard to standards for traffic control devices, Pennsylvania has adopted the MUTCD, as published by the Federal Highway Administration. *See* 67 Pa. Code §§ 212.2, 212.1. In general, for placement of traffic control devices, the MUTCD offers the following guidance[3]:

Placement of a traffic control device should be within the road user's view so that adequate visibility is provided. To aid in conveying the proper meaning, the traffic control device should be appropriately positioned with respect to the location, object, or situation to which it applies. The location and legibility of the traffic control device should be such that a road user has adequate time to make the proper response in both day and night conditions.

_____

[3] Guidance is defined in the MUTCD as a recommended, but not mandatory, practice. § 1A.13(1)(B).

§ 1A.04(1).  For sign placement, the MUTCD states that "Standardization of position cannot always be attained in practice."  § 2A.16(1).  As guidance, it says:

> Signs should be located on the right-hand side of the roadway where they are easily recognized and understood by road users. Signs in other locations should be considered only as supplementary to signs in the normal locations, except as otherwise provided in this Manual.

§ 2A.16(4).  It also notes that , as an option, that, in some circumstances, signs may be placed on the left.[4]  § 2A.16(11).  In the diagrams provided to illustrate sign placement, none involve a one-lane, one-way road intersecting another road.

The statements describing sign placement are all permissive, using the word "should," rather than mandatory, which is typically identified by the use of the word "shall."  The MUTCD makes clear that the circumstances of the particular road should be considered in sign placement.  It is also clear that sign placement on the left-hand side of the road, while not preferred, is permissible.  Although the circumstances in this case are not specifically mentioned in the MUTCD, it is clear that the sign placement on the left of a one-lane, one-way street is not illegal.

_____

[4]      The section provides examples of possible circumstances when a left-hand sign is necessary as when there are curves in the road or when multi-lanes of traffic might obstruct a sign on the right.

Further, section 3111 creates a presumption that the placement of the sign is an authorized placement. 75 Pa.C.S.A. § 3111(c). In a similar case, we analyzed whether a school zone speed limit sign that was placed overhead, instead of on the right-hand side of the road, was legally positioned. *Commonwealth v. Long*, 577 A.2d 899 (Pa. Super. 1990). There, we held that:

> [T]he above regulations and their common sense application by this Court clearly encompass the multitude of conditions and diversity of our roadways which prevents the identical placement of every sign. Such rigidity would often negate the ameliorative goals of the traffic control devices themselves. For these reasons, we find the school zone speed limit sign in this case was positioned properly, as required by section 3111 of the Vehicle Code, and absent any competent evidence to the contrary, the Commonwealth is entitled to a presumption that it was placed in accordance with statutory and regulatory requirements.

*Long*, 577 A.2d at 902. Pilic offered no evidence that the sign was positioned improperly, other than reference to the MUTCD, which does not conclusively support his position that placement on the left is in any way problematic or illegal. Therefore, Pilic has not overcome sections 3111's presumption.

Here, the sign placement was in accordance with the statute and regulations. Therefore, Officer Kennedy had probable cause to believe that Pilic had violated the Motor Vehicle Code when Pilic failed to obey the all traffic must turn right sign. Because the traffic stop was supported by

probable cause, the trial court did not err in denying Pilic's suppression motion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2015