585 A.2d 1117

**COMMONWEALTH of Pennsylvania**

v.

**Byron L. HALL, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 4, 1990.

Filed Feb. 4, 1991.

made fully aware of the possibility that the two co-conspirators held an interest in testifying against appellant.

24

Joshua D. Lock, Harrisburg, for appellant.

Daniel G. Ehrgood, Asst. Dist. Atty., Lebanon, for Com.

Before OLSZEWSKI, BECK and HOFFMAN, JJ.

BECK, Judge:

Appellant Byron L. Hall was found guilty of escape while he was a prisoner participating in a work release program. On appeal he challenges the sufficiency of the evidence under the escape statute. 18 Pa.C.S.A. § 5121. Finding that the Commonwealth failed to present sufficient evidence, we reverse the judgment of sentence and vacate the sentence.

Hall was participating in Lebanon County Prison's Work Release Program. Pursuant to placement in this program, Hall signed a work release agreement in which he agreed that he would "go directly to his place of employment and return directly therefrom without exception ..." via an agreed upon travel route.

On the morning of the alleged escape Hall's girlfriend drove to the prison, picked him up and proceeded to drive in the direction of his place of employment. Unknown to Hall and his girlfriend, a prison official followed her vehicle. Hall did not proceed directly to work. Instead, he and his girlfriend stopped at his home for approximately one hour. Hall then arrived at work, completed work, and timely returned to the prison. Hall did not request this "deviation" nor did he report any emergency necessitating the stop at his home. The prison authorities found he violated his work release agreement. He was subsequently charged with escape.

The crime of escape is defined as follows:

A person commits an offense if he unlawfully removes himself from official detention or fails to return following temporary leave granted for a specific purpose or limited period.

18 Pa.C.S.A. § 5121(a).

In this appeal, Hall raises a single issue: Whether the prohibition in the statute that a person not "unlawfully

remove[s] himself from official detention" includes the slight and temporary deviation from the path of travel prescribed by his work release agreement.

Several cases have addressed the escape statute as it relates to prisoners in work release programs. *See, e.g., Commonwealth v. Kaminski,* 349 Pa.Super. 78, 502 A.2d 1281 (1985), *appeal denied; Commonwealth v. Brown,* 261 Pa.Super. 240, 396 A.2d 377 (1978); *Commonwealth v. Hearn,* 34 Pa.D.C.2d 49 (1966). None has decided the issue presented here.

First, we note that for purposes of the escape statute, "official detention" includes participation in a prison work release program. *See* 18 Pa.C.S.A. § 5121(e); *Commonwealth v. Brown,* 261 Pa.Super. 240, 396 A.2d 377 (1978). Next, we must decide whether the legislature intended to include the kind of deviation made by Hall in the language of the escape statute; i.e., did Hall "unlawfully remove[s] himself from official detention."

In interpreting the statute we note that one of the general purposes of the Crimes Code is "[t]o give fair warning of the nature of the conduct declared to constitute an offens[e]." 18 Pa.C.S.A. § 104(4). The Crimes Code also instructs us to construe its language "according to the fair import of [its] terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purpose[s]" of the Crimes Code, one of which is stated above. 18 Pa.C.S.A. § 105. In addition, we are bound by the Statutory Construction Act of 1972, Dec. 6, No. 290, § 3, 1 Pa.C.S.A. § 1928(b)(1), which prescribes that penal statutes be "strictly construed."

Given the above guidance, we conclude that the conduct proscribed by the escape statute does not include Hall's behavior because the statute requires that Hall intended to remove himself from official detention. The Commonwealth failed to present evidence which would give rise to such an inference beyond a reasonable doubt.

Hall concedes that at the time of the incident he was in "official detention." However, he contends that § 5121(a) of the escape statute applies only to a prisoner in a work release program who fails to return to confinement. As such, Hall argues, under § 5121(a) "escape requires flight from confinement sufficient to justify the conclusion that the inmate was not going to return as directed, but, rather, was seeking to regain his freedom." (Appellant's brief, at 9.)

Although we do not read the statute as broadly as Hall, we agree that in this case the Commonwealth failed to show that Hall intended unlawfully to remove himself from official detention. We hold that the reasonable definition of unlawful removal in subsection (a) of the escape statute does not encompass a situation where a prisoner does not substantially deviate from a prescribed travel route, goes to work and returns to official custody as prescribed by his work release program. Hall's challenge to the sufficiency of the evidence, therefore, has merit.

We note that Hall does not deny deviating from the prescribed route and thereby violating his work release agreement. His violation of his work release agreement is an administrative matter not a violation of a penal statute. In this case, prison officials were not without recourse. They could have imposed administrative sanctions, such as revocation of his participation in the work release program.

Judgment of Sentence reversed, and sentence for escape is vacated. Jurisdiction is relinquished.

OLSZEWSKI, J., filed a concurring opinion.

OLSZEWSKI, Judge, concurring:

While I agree with the analysis and result reached by the majority, I must write separately to express my concern that this case will provide a poor precedent by inviting prisoners participating in a work release program to abuse this privilege through conduct such as that of appellant herein. Though I believe that appellant in the present case

may have committed a technical violation of 18 Pa.C.S.A. § 5121, I agree with the majority's conclusion that the legislature did not intend such conduct to constitute an escape under this statute. If such conduct was intended to be included as a violation of this statute, the legislature should make an appropriate amendment to that effect.