595 A.2d 183

**COMMONWEALTH of Pennsylvania**

**v.**

**Frank EDWARDS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 22, 1991.

Filed Aug. 19, 1991.

John C. Tylwalk, Public Defender, Lebanon, for appellant.

Daniel G. Ehrgood, Asst. Dist. Atty., Lebanon, for Com., appellee.

Before CIRILLO, DEL SOLE and HOFFMAN, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment of sentence imposed following a jury trial. Appellant, Frank Edwards was charged with escape as a result of two incidents which occurred while he was an inmate at the Lebanon County Correctional Facility. Appellant who was a participant in the work release program was late twice in returning to the prison. Pursuant to placement in this program, Appellant signed a work release agreement in which he agreed that he would go directly to and from his place of employment according to an agreed upon travel route. On one occasion, Appellant who was to return to the prison at 12 midnight, returned six minutes late and another time he was seven minutes late. Following his conviction, he was sentenced to an additional term of 8–23 months to run at the conclusion

of his current sentence and fined $300. Motions for a new trial/arrest of judgment were denied.

Evidence at trial established Appellant had admittedly deviated from his assigned route of travel. He had accepted a ride on two occasions in violation of the work release agreement and visited the home of a friend. On one of these occasions, Appellant confessed to drinking a small amount of beer, also a violation of the agreement. It was these deviations which twice caused Appellant to be late returning to the prison.

On appeal, Appellant first contends the trial court erred in charging the jury that placement in the work release program constitutes being in "official detention" as that term is understood in the escape statute. Appellant argues that when one is out of prison under terms of the work release program they are not in any type of detention. We can not agree. The crime and definition of escape is codified in 18 Pa.C.S. § 5121 and reads as follows:

(a) Escape.—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

. . . . .

(e) Definition.—As used in this section the phrase "official detention" means arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; . . .

In *Commonwealth v. Brown*, 261 Pa.Super. 240, 396 A.2d 377 (1978), this court held that a prisoner's participation in a work release program was official detention. Therefore, the trial court did not err in charging the jury that placement in a work release program constitutes being in official detention.

Having determined that Appellant was in official detention during his participation in the work release pro-

gram, we must further determine whether there was sufficient evidence to support the verdict.[1]  In determining whether the evidence is sufficient to support a conviction, we accept as true all the evidence, and the reasonable inferences therefrom, upon which the factfinder could have based its verdict and then ask whether that evidence, viewed in a light most favorable to the Commonwealth, was sufficient to prove guilt beyond a reasonable doubt.  *Commonwealth v. Crawford*, 334 Pa.Super. 630, 483 A.2d 916 (1984).  Appellant contends the Commonwealth failed to establish beyond a reasonable doubt that he had removed himself from official detention.  We agree.

This very issue was recently addressed by a panel of this court in *Commonwealth v. Hall*, 402 Pa.Super. 23, 585 A.2d 1117 (1991).  In that case a prisoner in the work release program was picked up by his girlfriend who was to drive him to his place of employment.  Instead of proceeding directly to work, they stopped at his home for approximately one hour.  This deviation was not requested and no emergency existed.  Hall was charged with escape.  Our court held that the conduct proscribed by the escape statute did not include Hall's behavior because the statute requires that a prisoner intend to remove himself from official detention.  The court stated that the Commonwealth failed to show that Hall intended unlawfully to remove himself from official detention; that the reasonable definition of unlawful removal in subsection (a) of the escape statute does not encompass a situation where a prisoner does not substantially deviate from a prescribed travel route, goes to work and returns to official custody as prescribed by his work release program.

We acknowledge that the present case differs from the facts in *Hall* in two insignificant ways.  In the case sub judice, unlike the prisoner in *Hall*, Appellant was late in returning to the prison.  Appellant also admitted to having

---

1.  Although Appellant phrased this issue as a challenge to the weight of the evidence in his brief, a reading of the argument presented clearly identifies this as a challenge to the sufficiency of the evidence.

consumed a small amount of alcohol. Nevertheless, in light of our decision in *Hall*, we find in the present case that although Appellant violated the terms of the work release agreement, conduct we by no means condone, his ill advised detour to the home of a friend, fails to rise to the level of a substantial deviation. As the majority concluded in *Hall*, Appellant's violation of his work release agreement is an administrative matter. Prison officials have recourse via administrative sanctions, such as revocation of Appellant's participation in the work release program. Therefore we hold that Appellant's challenge to the sufficiency of the evidence has merit.

We note that we agree with the concern expressed by Judge Olszewski in his concurrence in *Hall*, that this decision will provide a poor precedent by inviting prisoners participating in a work release program to abuse this privilege through conduct such as that of the appellant herein. However, like Judge Olszewski, we can not conclude it was the intent of the legislature to characterize the conduct of Appellant in the instant case to constitute an escape under 18 Pa.C.S. § 5121. If conduct which amounts to less than a substantial deviation from a prescribed travel route, while a participant in a work release program, is to be characterized as a violation of the escape statute, we hold it is better left to the legislature to express this view through an amendment.

Judgment of sentence reversed, and sentence for escape is vacated. Jurisdiction is relinquished.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent.

I agree with the majority that Edwards was in official detention during his participation in the work release program, *see* 18 Pa.C.S. § 5121(e); *Commonwealth v. Brown*, 261 Pa.Super. 240, 396 A.2d 377 (1978), however, I strongly disagree with that part of the majority opinion which con-

cludes that the Commonwealth failed to prove beyond a reasonable doubt that Edwards' actions constituted escape.

It is well settled in courts of this Commonwealth that [i]n reviewing the sufficiency of the evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt.

*Commonwealth v. McIlvaine*, 385 Pa.Super. 38, 45, 560 A.2d 155, 159 (1989). Instantly, the Commonwealth presented the following evidence in support of its charge that Edwards was attempting escape: 1) on two occasions Edwards returned to prison from his place of employment beyond the midnight deadline set for his return; 2) Edwards admitted to deviating from his assigned route of travel from his place of employment to the prison by accepting an automobile ride from a friend and by stopping at the home of that friend; and 3) Edwards confessed to drinking beer on one of these occasions. Despite this evidence, which unequivocally demonstrates that Edwards purposefully breached the work release agreement which specified that he was to go directly to and return directly from his place of employment by walking a specific travel route, the majority finds that Edwards' behavior does not constitute an attempt to remove himself from official detention. I disagree.

The crime of escape is defined as follows:

A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose.

18 Pa.C.S. § 5121(a). Official detention is described as

... arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but

the phrase does not include supervision of probation or parole, or constraint incidental to release on bail.

18 Pa.C.S. § 5121(e). *See also Brown, supra.*

The majority relies upon a recent opinion by a panel of this court for the proposition that if a prisoner does not intend to unlawfully remove himself from official detention as demonstrated by a "substantial deviation" from a mandated travel route prescribed by his work release program, he has not "escaped" as that term is defined in section 5121. *See Commonwealth v. Hall,* 402 Pa.Super. 23, 585 A.2d 1117 (1991). However, I can find no basis for such an interpretation and dilution of section 5121 within the escape statute itself. Furthermore, absent any authority to the contrary, I am not convinced that the legislature intended such an interpretation. *See Commonwealth v. Lisboy,* 392 Pa.Super. 411, 573 A.2d 222 (1990) (when language of a statute is clear and unambiguous the judiciary must interpret provisions according to their plain meaning and common usage); *Commonwealth v. Revtai,* 343 Pa.Super. 149, 494 A.2d 399 (1985) (where the words of a statute are clear, the letter thereof will not be disregarded under the pretext of pursuing an unstated legislative intent).

First, I note that section 5121 makes no mention of the prisoner's intent with regard to his unlawful removal from official detention. 18 Pa.C.S. § 5121(a). Section 5121(a) clearly states that a person has committed the offense of escape if he "unlawfully removes himself from official detention." 18 Pa.C.S. § 5121(a). As there is no doubt that work release is a form of official detention, *see Brown, supra,* it would seem obvious on its face, that a deliberate breach of the work release agreement which results in unapproved rides to the home of an unknown person, and the consumption of an alcoholic beverage, as well as two late returns to prison, constitutes an unlawful removal from official detention. I believe that Edwards' intent in pursuing this behavior is irrelevant to the application of the statute.

Furthermore, both *Commonwealth v. Hall* and the opinion propounded by the majority today make no attempt to define exactly what constitutes a "substantial deviation" from a prescribed travel route sufficient to constitute an intent to remove oneself from official detention. In *Hall* and this case, the defendants deliberately and flagrantly breached their work release agreements by deviating from their prescribed travel routes and engaging in other prohibited activity. Consequently, if intent were relevant, it is beyond me what actions the majority would require in order to find that the "substantial" deviation threshold had been met. The practical consequences of such an open-ended interpretation of section 5121 could be devastating to the penal and judicial systems of this Commonwealth as we "will provide a poor precedent by inviting prisoners participating in a work release program to abuse this privilege through conduct such as that of appellant, herein." *Commonwealth v. Hall*, 402 Pa.Super. at 26, 585 A.2d at 1119 (Olszewski, J., concurring). *See also Commonwealth v. Long*, 395 Pa.Super. 495, 577 A.2d 899 (1990) (in attempting to ascertain the meaning of a statute, the court is required to consider the intent of the legislature and is permitted to examine the practical consequences of a particular interpretation and is to presume that the legislature did not intend a result that is absurd or unreasonable).

Based upon the foregoing, and viewing the evidence and all the reasonable inferences taken therefrom in a light most favorable to the Commonwealth as verdict winner, I conclude that the evidence is more than sufficient to support the jury's finding that Edwards was guilty of escape. *McIlvaine, supra; Revtai, supra; Lisboy, supra; Long, supra.* I would, therefore, affirm the judgment of sentence.