J-S42004-17

2017 PA Super 222

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RICK ALAN WAUGAMAN, | |
| Appellant | No. 170 MDA 2017 |

Appeal from the Judgment of Sentence November 30, 2016
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000296-2015

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

OPINION BY OLSON, J.:                           **FILED JULY 13, 2017**

Appellant, Rick Alan Waugaman, appeals from the judgment of sentence entered on November 30, 2016, following his jury trial conviction for escape, 18 Pa.C.S.A. § 5121.  Upon review, we affirm.

The trial court summarized the facts of this case as follows:

On September 12, 2015, [Appellant] was incarcerated in the Union County Prison.  The [trial] court had granted him work-release status.  Prison officials released [Appellant] from the work-release section of the prison to go to work on that date at approximately 3:00 a.m.  [Appellant] did not go to work. Instead, [Appellant] went to his girlfriend's house.  He then returned to the prison around 8:00 a.m. that same day.  Later, prison authorities revoked [Appellant's] work-release status.

Trial Court Opinion, 2/17/2017, at 2 (unpaginated).

Procedurally, the case proceeded as follows:

[The Commonwealth charged Appellant with escape based upon the same facts that supported his removal from work release status.]  On October 6, 2016, a jury convicted [Appellant] of [e]scape[.]  On November 30, 2016, [the trial] court sentenced

[Appellant] [to] a period of incarceration in a state correctional facility [to] not less than one year nor more than four years. [Appellant] filed his [p]ost-[s]entence [m]otion on Monday[,] December 12, 2016[.] [The trial] court denied [Appellant's] motion on that same day. [Appellant] filed his [n]otice of [a]ppeal on January 12, 2017. [The trial] court ordered [Appellant] to file a [s]tatement of [errors] [c]omplained of on [a]ppeal. In his [s]tatement filed on February 2, 2017, [Appellant] claimed [the trial] court erred when it denied his [pretrial motion].

*Id.* at 1-2 (unpaginated). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 17, 2017.

On appeal, Appellant presents the following issues for our review:

1. Did error occur in [the] denial of Appellant's [o]mnibus [m]otion, specifically where [the] prosecution for [e]scape was improper as there was no showing that Appellant attempted to remove himself from official detention?

2. Did error occur in [the] denial of Appellant's [m]otion in [l]imine, as his behavior was addressed by removal of work release privileges, thus making prosecution in this matter a double jeopardy violation?

Appellant's Brief at 5.

In his first issue presented, Appellant contends that the trial court abused its discretion by denying his omnibus pre-trial motion wherein he challenged the Commonwealth's ability to prove he intended to remove himself from official detention, one of the required elements in establishing escape.[1] *Id.* at 8. Appellant claims that, "while not going to work, [he]

_____

[1] We note that Appellant filed a pre-trial motion essentially challenging the sufficiency of the evidence before the case went to trial. "It is clear that the proper means for testing the finding that the Commonwealth has sufficient

*(Footnote Continued Next Page)*

maintained contact with both employer and prison[,] stated his intention to return to jail[, and] followed through on his word, voluntarily coming back to the Union County Prison." *Id.* at 9. Appellant relies upon our 1991 decisions in ***Commonwealth v. Edwards***, 595 A.2d 183 (Pa. Super. 1991) and ***Commonwealth v. Hall***, 585 A.2d 1117 (Pa. Super. 1991) for the proposition that his actions did not constitute a substantial deviation from his travel route necessary to prove escape. *Id.* at 8-9.

Our standard of review is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact–finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact–finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact–finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and

*(Footnote Continued)* ─────────

evidence to establish a *prima facie* case is to petition the trial court for a writ of *habeas corpus*." ***Commonwealth v. Morman***, 541 A.2d 356, 357 (Pa. Super. 1988). However, Appellant has maintained consistently that there was not sufficient evidence to support his conviction. Hence, we will treat his claim as a sufficiency challenge.

the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Williams***, 153 A.3d 372, 375 (Pa. Super. 2016).

"A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period." 18 Pa.C.S.A. § 5121. There is no dispute that "a prisoner's participation in a work release program [constitutes] official detention." ***Commonwealth v. Edwards***, 595 A.2d 183, 184 (Pa. Super. 1991) (citation omitted). Prior interpretation of Section 5121 requires a substantial deviation from official custody to support a conviction. In ***Edwards***, Edwards was late returning to prison from work release twice, six minutes on one occasion and seven minutes another time, and admitted to drinking alcohol on one occasion. ***Id.*** at 183. We also examined ***Hall*** in ***Edwards***. In ***Hall***, when released from prison for work, Hall stopped at his house with his girlfriend for an hour before proceeding to his place of employment. ***Id.*** at 184. In examining the two cases, we ultimately concluded, "the escape statute does not encompass a situation where a prisoner does not substantially deviate from a prescribed travel route, **goes to work** and returns to official custody as prescribed by his work release program." ***Id.*** (emphasis added).

In this case, the trial court determined:

> [...Appellant's] conduct [w]as clearly distinguishable from that of Hall and Edwards. Here, [Appellant] never went to work, unlike Hall and Edwards. He stayed at his girlfriend's house, for some time, and then left the house. He did not return to prison for

about five hours. The amount of time during which [Appellant] was not where he was supposed to be, five hours, far exceeds the amount of time cited in both [**Hall** and **Edwards**].

Trial Court Opinion, 2/17/2017, at 2 (unpaginated).

Upon review, we conclude the Commonwealth presented sufficient evidence of escape. Here, although Appellant maintained contact with his work and the prison, he never went to work. N.T., 3/28/2016, at 5. Moreover, Appellant also stipulated that after he left the prison, he went to his girlfriend's house for one hour, and left that location where his whereabouts were unknown for approximately three hours. **Id.** at 6, 10. We conclude that such actions constituted a substantial deviation from his work-release program to establish the offense of escape. Moreover, the trial court properly distinguished this case from **Edwards** and **Hall**. Accordingly, Appellant's first issue fails.

In his second issue presented, Appellant argues that he was sanctioned for his "behavior by removal of work release privileges[, he] was already punished for the same event[, and] this prosecution should be barred" under the principle of double jeopardy. Appellant's Brief at 10. Appellant concedes, however, that there is "case law contrary to this notion[.]" **Id.** Indeed, our Supreme Court has concluded that "prison disciplinary action [] imposed for infractions of prison regulations within the confines of the authorized administrative scheme, [] falls within the range of predictable punishment under the original sentence and can be justified on the basis of safe, orderly or efficient institutional administration, [and] it

does not implicate the constitutional proscription against subsequent criminal prosecution based upon double jeopardy." ***Commonwealth v. McGee***, 744 A.2d 754, 759 (Pa. 2000). Here, the prison sanction of removing Appellant from the work release program simply did not bar the Commonwealth's subsequent criminal prosecution for escape. As such, Appellant's second issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/2017