J-S81043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER M. BEAVER, | |
| Appellant | No. 544 MDA 2017 |

Appeal from the Judgment of Sentence February 28, 2017
in the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0000981-2016

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 16, 2018**

Appellant, Christopher M. Beaver, appeals from the judgment of sentence imposed following his bench conviction of summary harassment.[1] Appellant challenges the sufficiency of the evidence to support his conviction. We affirm.

The trial court aptly set forth the factual and procedural history of this case in its June 2, 2017 opinion[2] as follows:

> On February 28, 2016, at approximately 10:45 P.M., the East Pennsboro Township Police Department received a call to respond to an assault that occurred at the residence of Ashlee Cassel (hereinafter, "Victim").  Upon arriving, the responding

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2709(a)(1).

[2] *See* Pa.R.A.P. 1925(a).

officers noticed blood on the door to the townhouse and observed that Victim was visibly injured, visibly afraid, and did not initially wish to speak with the police. Specifically, Victim had a swollen and bloody nose, a cut on her nose, a swollen and cut upper lip, and blood on the inside of her mouth. Both Victim and her boyfriend had been drinking earlier that evening and smelled of alcohol at the time the police officers arrived at the residence.

After prompting from her boyfriend, Victim stated that she entered into an argument with Appellant, her neighbor, over the use of a parking space. The argument escalated, and Appellant grabbed Victim by the back of the neck and struck her in the face. As Victim attempted to retreat into her house, Appellant grabbed hold of the front door and pulled it open, causing the door to strike Victim in the face.

Ultimately, Appellant was arrested and charged with one count of simple assault and one count of summary harassment. The count of simple assault was dismissed by agreement of the parties on September 20, 2016, leaving only the summary harassment charge for trial. A non-jury trial in this matter was held on January 09, 2017, following which Appellant was found guilty. Appellant was sentenced on February 28, 2017, to a term of incarceration of 10 days to 90 days, with credit for 1 day served. Appellant filed a timely notice of appeal on March 28, 2017, and requested an extension of time to file the Rule 1925(b) concise statement until 7 days after the transcript of the proceedings was filed. Appellant's motion was granted, the transcript of the proceedings was filed on May [19], 2017, and Appellant's concise statement was filed on May 26, 2017.

(Trial Court Opinion, 6/02/17, at 2-3) (footnotes omitted).

Appellant raises one question for our review: "Was the evidence presented at trial sufficient to convict [him] on the charge of summary harassment?" (Appellant's Brief, at 5) (unnecessary capitalization omitted).

Our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact–finder to find every element of the

- 2 -

crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact–finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact–finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Waugaman*, 167 A.3d 153, 155–56 (Pa. Super. 2017) (citation omitted).

Section 2709(a)(1) of the Crimes Code provides that a person is guilty of the crime of harassment if he, "with intent to harass, annoy or alarm another . . . strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S.A. § 2709(a)(1). "An intent to harass may be inferred from the totality of the circumstances." *Commonwealth v. Cox*, 72 A.3d 719, 721 (Pa. Super. 2013) (citation omitted).

In the instant case, Appellant challenges the element of intent, and claims that he had no physical contact with the victim. (*See* Appellant's Brief, at 16, 22). His argument chiefly consists of a challenge to the credibility of the victim and her boyfriend, based on their consumption of alcohol on the night of the incident, their one-hour delay in calling the police, and alleged inconsistencies in their testimony. (*See id.* at 17-22). Appellant contends

- 3 -

that the evidence is consistent with his version of events, in which the victim, while drunk and irate, treated his girlfriend in a derogatory manner because of a dispute over parking, and then injured herself with her door. (*See id.* 16-19, 21-22). This issue does not merit relief.

First, to the extent that Appellant's argument rests on his challenge to the credibility of the Commonwealth's witnesses, it is well-settled that credibility determinations "go to the weight, not the sufficiency of the evidence." *Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013) (citation omitted). Therefore, Appellant's argument conflating the weight and the sufficiency of the evidence fails. *See id.* (stating claim that fact-finder should have believed appellant's version of events rather than Commonwealth's goes to weight, not sufficiency of evidence; appellant's sufficiency claim arguing credibility lacks merit).

Moreover, when viewing the evidence in the light most favorable to the Commonwealth as verdict winner, *see Waugaman*, *supra* at 155, we agree with the trial court that the evidence was sufficient to support Appellant's conviction. After hearing the evidence and observing all of the witnesses, the court found:

> . . . Victim credibly testified that Appellant both struck her in the face directly and used the front door of Victim's residence to hit her in the face. Victim was visibly injured, and Victim's blood was clearly visible on the front door. Victim's boyfriend credibly testified that, from his seat in the living room, he was able to clearly see Appellant use the residence's front door to strike Victim in the face. Sgt. [Adam] Shope credibly testified that Victim was alarmed and afraid in the aftermath of the incident

with Appellant. As such, credible evidence was available to support every element of the charge of summary harassment.

There was no credible testimony or evidence offered to impeach Victim's boyfriend, who clearly saw Appellant strike Victim in the face with the front door from a distance of approximately ten feet away. It was uncontested that Victim was struck in the head at least once with sufficient force to cause swelling, substantial bruising, and bleeding in her nose and her mouth. It was further uncontested that Victim was afraid and alarmed in the aftermath of the incident. . . .

The testimony and evidence offered at trial established that on the night of February 28, 2016, Appellant and Victim entered into a heated argument over a parking space. Appellant escalated that argument, both striking Victim in the face directly and striking her using the front door of her residence. The incident resulted in Victim receiving substantial bruises, swelling, and a bloody mouth and nose and left Victim alarmed and terrorized in the aftermath. Both Victim and her boyfriend testified in detail regarding the incident, including confirming Appellant as the perpetrator, confirming the severity of the injuries, and confirming that Victim was left in a state of fear after the incident. Therefore, sufficient evidence existed to find Appellant guilty of the charge of summary harassment[.] . . .

(Trial Ct. Op., at 4-6) (footnotes omitted).

The court, as fact-finder, was "free to believe all, part or none of the evidence" presented, and it clearly found the testimony of the Commonwealth's witnesses credible, and Appellant's version of events incredible. *Waugaman*, *supra* at 156 (citation omitted). Upon review, we agree with its determination that Appellant's sufficiency claim lacks merit. The evidence undoubtedly supports a conviction under section 2709(a)(1), in that there was indeed physical contact between Appellant the victim, and, in the totality of the circumstances, a reasonable inference of his intent to harass

and alarm her. *See* 18 Pa.C.S.A. § 2709(a)(1); *Cox*, *supra* at 721. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2018