J-S09026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| T.M.H. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.L.S. | : | |
| | : | |
| Appellant | : | No. 1287 MDA 2017 |

Appeal from the Order Entered July 20, 2017
In the Court of Common Pleas of York County Civil Division at No(s):
2017-FC-001188-12

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED APRIL 05, 2018**

Appellant D.L.S. appeals from the order granting a Protection from Abuse ("PFA") petition on July 20, 2017.[1] D.L.S. challenges the sufficiency of evidence to grant the PFA order. We affirm.

The facts and procedural history of the case are as follows. D.L.S. and T.M.H. dated for three years. N.T., 7/20/17, at 6-7. Their relationship ended in June 2016, one month after they purchased a home together. *Id.* at 7. Following their break-up, D.L.S. moved out of the home in July 2016. *Id.* at 8. Additionally, the address on D.L.S.'s driver's license was his father's residence. *Id.* at 71.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 23 Pa.C.S.A. §§ 6101-6122.

On June 25, 2017, D.L.S. went to the home around 3 a.m. and called the police because there was a vehicle in the driveway that he did not recognize. *Id.* at 64. Officer Jesse Bloom arrived on scene and T.M.H. explained to him that she did not want D.L.S. in the home. *Id.* at 16. When Officer Bloom met with T.M.H., she appeared extremely nervous and jittery, and was crying. *Id.* at 37. The owner of the vehicle in the driveway, T.M.H.'s boyfriend, explained that he was there to make sure that D.L.S. did not attack T.M.H. *Id.* at 41. T.M.H. explained that D.L.S.'s belongings were in the garage. *Id.* at 30. Officer Bloom told T.M.H. that he could not keep D.L.S. from entering the home since they were co-owners and there was no active PFA order. *Id.* at 37. T.M.H. closed the door on Officer Bloom, which led to D.L.S. breaking into the home with a sledge hammer while Officer Bloom was still there. *Id.* at 38-39. Officer Bloom told T.M.H. that she might want to consider obtaining a PFA order and then left the scene. *Id.* at 42.

After Officer Bloom left, D.L.S. began to remove the locks from the door and threatened to kill T.M.H. *Id.* at 18. T.M.H. called the police again, but Officer Bloom informed her that he would not return to the house. *Id.* at 19. The next day, June 26, 2017, T.M.H. filed a petition seeking a temporary PFA order against D.L.S., which the court granted. Following an adversarial hearing on July 20, 2017, the trial court granted T.M.H. a final PFA order against D.L.S. that included a provision evicting D.L.S. from the home. On August 11, 2017, D.L.S. filed a timely Notice of Appeal.

He raises three issues for our review:

> 1. Whether the trial court, when determining that the appellant had not resided in the parties' home for a year prior, erred in failing to consider testimony that there was an exchange involving a police officer and both parties regarding appellee recently removing appellant's belongings from "his bedroom" in the home?
>
> 2. Whether the trial court erred and abused its discretion by granting the request for a final protective order when the evidence failed to establish an act of abuse had occurred as is required by the Protection from Abuse Act, 23 Pa.C.S.A. § 6101, *et seq.*?
>
> 3. Whether the trial court erred and abused its discretion by granting the request to have appellant evicted from the home?

Appellant's Brief at 4-5.

The standard of review of a PFA order is an abuse of discretion or error of law. ***Mescanti v. Mescanti***, 956 A.2d 1017, 1019 (Pa.Super. 2008). An abuse of discretion occurs where there is not merely an error of judgment, but where judgment is manifestly unreasonable, the law is not applied, or the record shows that the decision is a result of partiality, prejudice, bias, or ill will. ***Id.***

In his first issue, D.L.S. argues that the evidence was insufficient to establish that he had not resided in the house for more than a year. He contends that the trial court failed to consider Officer Bloom's testimony that D.L.S. asked him to remain at the home while he checked his items in "his room." Appellant's Brief at 13. T.M.H did not file an Appellee's Brief in this Court.

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict-winner, and we give the party that prevailed below the benefit of all reasonable factual inferences. *Mescanti*, 956 A.2d at 1020. As the fact-finder in a PFA proceeding, the trial court is free to believe all, some, or none of the testimony presented. *Commonwealth v. Waugaman*, 167 A.3d 153, 155-56. (Pa.Super. 2017). The fact-finder alone accesses the credibility of witnesses and the weight to accord their testimony. *Mescanti*, 956 A.2d at 1019-20.

D.L.S.'s argument amounts to a challenge to the trial court's credibility determinations, as the parties presented competing evidence as to whether D.L.S. had not lived in the house for more than a year before the incident. On the one hand, T.M.H. testified that D.L.S. moved out of the house in July 2016, and Officer Bloom testified that T.M.H. told him that she moved all of D.L.S.'s belongings to the garage. N.T., 7/20/17, at 8, 42. On the other hand, D.L.S. testified that he never moved out of the home and was still living there on the day of the incident. *Id.* at 61. D.L.S. also testified that the address on his driver's license was his father's residence. *Id.* at 58. As it was entitled to do as fact-finder, the trial court believed the evidence that D.L.S. no longer lived in the house and disbelieved D.L.S.'s testimony to the contrary. Trial Court Opinion at 6. D.L.S.'s sufficiency argument is meritless.

D.L.S.'s second issue – that the trial court abused its discretion and committed an error of law in concluding that an act of abuse occurred – is likewise meritless. The court granted the final PFA order based on its finding

that D.L.S. had committed multiple acts of abuse against T.M.H. A court may grant a PFA order to bring about a cessation of abuse to a plaintiff. 23 Pa.C.S.A. § 6108(a). A plaintiff seeking a PFA order must prove the allegation of abuse by a preponderance of the evidence. 23 Pa.C.S.A. § 6107(a); **see Raker v. Raker**, 847 A.2d 720, 724 (Pa.Super. 2004). The PFA Act defines abuse as:

> The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.
>
> (2) Placing another in reasonable fear of imminent serious bodily injury.
>
> (3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).
>
> (4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).
>
> (5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102 (a).

Force is not required to establish abuse under the PFA Act. ***Boykai v. Young***, 83 A.3d 1043, 1047 (Pa.Super. 2014); ***see also T.K. v. A.Z.***, 157 A.3d 974, 977 (Pa.Super. 2017) (finding that former husband's behavior qualified as abuse where he repeatedly followed former wife in his vehicle, in the grocery store, and at sporting events, and repeatedly drove by her house and honked horn).

Here, the record is replete with evidence of multiple instances of abuse by D.L.S. against T.M.H. On one occasion, D.H.S. threatened that he would shoot T.M.H. N.T., 7/20/17 at 14. On another occasion, he pushed her into the kitchen wall and caused her to fall and hurt her knee. ***Id.*** In two further examples, he drove his car at full speed in T.M.H.'s lane while she was driving in her car. ***Id.*** at 11-13. The trial court found that these incidents, together with the incident that occurred on June 25, 2017, placed T.M.H. in reasonable fear of imminent serious bodily injury. Trial Court Opinion at 8-10. The evidence was sufficient to support the finding that D.L.S. committed abuse against T.M.H..

In his last issue, D.L.S contends that the trial court erred by granting the request to have him evicted from the home. He argues that, contrary to the trial court's finding that he had not lived in the house for more than a year before the incident, there was sufficient evidence to support the conclusion that the parties had been residing together until the filing of the PFA. Appellant's Brief at 17. We find that the trial court acted within its power under the PFA Act.

D.L.S.'s claim that the evidence would have supported a finding different from the trial court's determination is beside the point. The PFA Act allows a court to grant a protection order that includes a provision evicting a defendant from a residence, if "the residence or household is jointly owned or leased by the parties, is owned or leased by the entireties or is owned or leased solely by the plaintiff." 23 Pa.C.S.A. § 6108(a)(2). D.L.S. admitted at the final PFA hearing that T.M.H.'s name was still on the deed to the house. N.T., 7/20/17 at 61. It was therefore within the court's discretion to evict D.L.S. from the property when it granted the PFA order in favor of T.M.H.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2018