J-S07001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES P. IRVIN, III | : | |
| | : | |
| Appellant | : | No. 1603 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 3, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003603-2017

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 15, 2019**

Appellant, James P. Irvin, III, appeals from the judgment of sentence

entered on August 3, 2018, as made final by the denial of his post-sentence

motion on August 30, 2018.  We affirm.

The trial court made the following findings of fact:

On the morning of May 17, 2017, [Appellant] was driving east on
Lincoln Highway East in East Lampeter Township.  Testimony
revealed that [Appellant] was weaving in and out of traffic leading
up to the accident.  Upon approaching the intersection at Route
896 (Hartman Bridge Road), [Appellant] pulled into a right-turn
only lane, [] proceeded straight through the intersection [and
passed a rear escort vehicle on the right] and a [tractor-trailer]
carrying a wide load[.]  [Appellant then swerved] back into the
lane of travel.  [Next, Appellant] swung out to the left to pass the
lead escort vehicle for the wide load.  [He proceeded on the left
to pass an 18-wheeler, another escort vehicle, and another
tractor-trailer carrying a wide load.  In so doing, he traveled in the
center turning lane, and as the two eastbound lanes became one,
he used the westbound lane to pass the second wide load vehicle.]
[Appellant] then suddenly swerved back into the eastbound lane
of travel and, in doing so, struck the right rear bumper of the lead

_____

\*   Retired Senior Judge assigned to the Superior Court.

escort vehicle for the wide load.  The data from [Appellant's] vehicle revealed that a[t] five (5) seconds prior to impact, [Appellant] was traveling at one hundred percent (100%) throttle and at three (3) seconds prior he reached his maximum speed of seventy-one (71) miles per hour.  The speed limit in that area is forty (40) miles per hour.  The data also showed that [Appellant] engaged the brake just prior to impact with his speed decreasing from seventy (70) miles per hour to twenty-nine (29) miles per hour between two (2) seconds and one (1) second prior to impact.

The impact of the collision spun the escort vehicle into the westbound lane of travel [and] into oncoming traffic where it struck the side of a school bus.  The impact of the second collision caused the school bus to rotate into the [east]bound lane of travel where it struck the front corner of the wide load [tractor-trailer] that was traveling behind the escort vehicle.  The impact from that third collision caused the school bus to turn over onto its side. [Appellant] did not stop following the collision and fled from the scene.  He eventually turned himself in on May 23, 2017.

As a result of the accident, two (2) of the children on the school bus suffered serious bodily injury and several others, including children, the school bus driver[,] and the driver of the struck escort vehicle, suffered bodily injury.  The injuries that are the subject of the instant appeal were sustained by six[-]year[-]old N.W. and sixteen[-]year[-]old J.C.[.] N.W. was found trapped beneath the school bus.  He suffered a rib fracture, a fractured left clavicle, a fractured right humerus, a fractured right sacroiliac joint, a pulmonary contusion, hemopneumothorax and acute respiratory failure.  J.C. suffered a compression fracture of the T12 vertebra.

Trial Court Opinion, 11/1/18, at 1-4 (internal citations omitted).

The procedural history of this case is as follows.  At the conclusion of a bench trial, the court found Appellant guilty at docket number 3603-2017 of two counts of aggravated assault,[1] one count of aggravated assault - victim

---

[1] 18 Pa.C.S.A. § 2702(a)(1).

less than 13 and defendant 18 or older,[2] two counts of aggravated assault by vehicle,[3] eleven counts of simple assault,[4] twenty counts of recklessly endangering another person,[5] one count of reckless driving,[6] one count of failure to obey traffic control devices,[7] and one count of unsafe passing.[8] At docket number 2813-2017, the court found Appellant guilty of twenty-six counts of accidents involving death or personal injury,[9] one count of accident involving damage to attended vehicle/property,[10] one count of driving while operating privileges are suspended or revoked,[11] and one count of disregarding traffic lanes.[12] On August 3, 2018, the court sentenced Appellant

_____

[2] 18 Pa.C.S.A. § 2702(a)(9).

[3] 75 Pa.C.S.A. § 3732.1(a).

[4] 18 Pa.C.S.A. § 2701(a)(1).

[5] 18 Pa.C.S.A. § 2705.

[6] 75 Pa.C.S.A. § 3736(a).

[7] 75 Pa.C.S.A. § 3111(a).

[8] 75 Pa.C.S.A. § 3305.

[9] 75 Pa.C.S.A. § 3742(a); 3742.1(a).

[10] 75 Pa.C.S.A. § 3743(a).

[11] 75 Pa.C.S.A. § 1543(a).

[12] 75 Pa.C.S.A. § 3309(2).

to an aggregate term of five to 20 years of incarceration at each docket number, the sentences to be served concurrently.

Appellant filed a post-sentence motion on August 7, 2018, which was denied by order dated August 30, 2018. Thereafter, Appellant filed a notice of appeal that referred to both docket numbers. Appellant later withdrew appeal at docket number 2813-2017 and, on September 25, 2018, filed a timely notice of appeal challenging only the convictions entered at docket number 3603-2017.[13]

Appellant raises the following issue for our review:

1. Did the trial court err by failing to find that insufficient evidence was presented at trial to prove causation of aggravated assault pursuant to [Pa.C.S.A. §] 2702(a)(1)?[14]

Appellant's Brief at 4.

_____

[13] Appellant filed a concise statement of errors complained of on appeal on October 2, 2018. The trial court filed its Pa.R.A.P. 1925(a) opinion on November 1, 2018.

[14] In his concise statement, Appellant challenged the sufficiency of the evidence offered to prove counts 1, 2, and 3 of docket number 3603-2017, which charged two counts of aggravated assault, codified at 18 Pa.C.S.A. § 2702(a)(1) and one count of aggravated assault of a person under 13 by a person over 18, codified at 18 Pa.C.S.A. § 2702(a)(9). Appellant's brief and his statement of questions involved, however, refer only to counts 1 and 2, codified at 18 Pa.C.S.A. § 2702(a)(1). Since Appellant's claims on appeal challenge the sufficiency of the evidence offered to prove causation, and because the causation requirement for counts 1, 2, and 3 are essentially the same, we read Appellant's objection as a challenge to all three aggravated assault convictions.

Appellant argues that the evidence was insufficient to convict him of aggravated assault. Specifically, he contends that evidence of causation was lacking. "The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Johnson***, 160 A.3d 127, 136 (Pa. 2017) (citation omitted). To consider Appellant's sufficiency challenge properly, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Grays***, 167 A.3d 793, 806 (Pa. Super. 2017) (citation omitted). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence." ***Commonwealth v. Waugaman***, 167 A.3d 153, 155–156 (Pa. Super. 2017) (citation omitted).

A person commits aggravated assault if the Commonwealth can prove beyond a reasonable doubt that he or she (1) caused, or attempted to cause, serious bodily injury to another (2) intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life. 18 Pa.C.S.A. § 2702(a)(1). Appellant's brief labels his issue as one of causation. Appellant's Brief at 4. He contends that the trial court mistakenly

relied on the definition of causation as set forth in 18 Pa. C.S.A. § 303(c) instead of 18 Pa. C.S.A. § 303(b). Appellant asserts that his intent on May 17, 2017, was not to injure anyone but, instead, merely to arrive at work on time. Accordingly, Appellant maintains that the evidence of causation, when evaluated under section 303(b), was insufficient because the result of the May 17, 2017, collision was not within his intent or contemplation.

Pennsylvania's causation statute states the following.

**(a)  General rule.--**Conduct is the cause of a result when:

(1) it is an antecedent but for which the result in question would not have occurred; and

(2) the relationship between the conduct and result satisfies any additional causal requirements imposed by this title or by the law defining the offense.

**(b) Divergence between result designed or contemplated and actual result.--**When intentionally or knowingly causing a particular result is an element of an offense, the element is not established if the actual result is not within the intent or the contemplation of the actor unless:

(1) the actual result differs from that designed or contemplated as the case may be, only in the respect that a different person or different property is injured or affected or that the injury or harm designed or contemplated would have been more serious or more extensive than that caused; or

(2) the actual result involves the same kind of injury or harm as that designed or contemplated and is not too remote or accidental in its occurrence to have a bearing on the actor's liability or on the gravity of his offense.

**(c) Divergence between probable and actual result.--**When recklessly or negligently causing a particular result is an element of an offense, the element is not established if the actual result is

- 6 -

not within the risk of which the actor is aware or, in the case of negligence, of which he should be aware unless:

(1) the actual result differs from the probable result only in the respect that a different person or different property is injured or affected or that the probable injury or harm would have been more serious or more extensive than that caused; or

(2) the actual result involves the same kind of injury or harm as the probable result and is not too remote or accidental in its occurrence to have a bearing on the liability of the actor or on the gravity of his offense.

18 Pa.C.S.A. § 303 (emphasis added).

To fully assess Appellant's claim that the Commonwealth's evidence of causation was insufficient, we begin with the general rule set forth in section 303(a). Here, section 303(a)(1)'s "but - for" test is certainly satisfied. Were it not for Appellant's reckless driving and illegal passing maneuvers, none of the injury-causing collisions at issue would have taken place. *See* ***Commonwealth v. Spotti***, 94 A.3d 367 (Pa. Super. 2014)(causation satisfied in aggravated assault case involving a motor vehicle accident where appellant's swerving and braking forced another driver to veer off the road into a disabled vehicle).

The second part of the test is also met. Section 303(a)(2) calls for any additional requirements of the law defining the offense to be satisfied. In this case, 18 Pa.C.S.A. § 2702(a)(1) requires that the injury be caused "recklessly under circumstances manifesting extreme indifference to the value of human

life[.]" It was established at trial that Appellant is an experienced driver,[15] was familiar with the area,[16] and was aware that the two eastbound lanes on Lincoln Highway East become one lane after the intersection with SR 896.[17] Therefore, it cannot reasonably be argued that he was not aware of the risk of collision and great bodily injury he created by exceeding the speed limit by 30 miles per hour and traveling east in the westbound lane of traffic in order to pass an 86-foot-long[18] tractor-trailer carrying a 16-foot-wide load.[19] Appellant's only excuse for his erratic and dangerous driving was that he wanted to get to work on time. Appellant's Brief at 10. He put his punctuality ahead of the safety of everyone else on the road that day. Additionally, Appellant did not even bother to stop after he struck the escort vehicle. Instead, he maintained his reckless driving and passing in order to flee the scene.[20] Taken together, these circumstances manifest an extreme indifference to the value of human life. *See Commonwealth v. Riggs*, 63 A.3d 780 (Pa. Super. 2012)(sustained recklessness and an indifference to the

---

[15] N.T., 5/15/2018, at 346-349.

[16] N.T., 5/15/2018, at 349-350.

[17] N.T., 5/15/2018, at 349-350.

[18] N.T., 5/15/2018, at 378.

[19] N.T., 5/14/2018, at 101.

[20] N.T., 5/14/2018, at 109.

value of human life found where appellant, who had a history of involvement in high speed police chases, attempted to evade a traffic stop by speeding through a red light and caused a violent collision with another vehicle). There was sufficient evidence of causation under section 303(a) to support convictions for aggravated assault.

We are unconvinced by Appellant's claim that the trial court erred in applying section 303(c), rather than section 303(b). Section 2702 authorizes a conviction where the Commonwealth proves, beyond a reasonable doubt, that a defendant's conduct caused serious bodily injury and was so reckless, under the circumstances, that it manifested a disregard for the value of human life. *See* 18 Pa.C.S.A. § 2702(a)(1). Where, as here, the Commonwealth's theory is one of recklessness, section 303(b) does not apply because that provision addresses causation only where knowing or intentional conduct is alleged. Instead, section 303(c) governs the issue of causation. It provides that causation is established where the result falls within a risk that is known to the defendant. *See* 18 Pa.C.S.A. § 303(c). Because the evidence adduced by the Commonwealth was more than sufficient to establish that Appellant was subjectively aware of the concomitant risks of collision and severe injury stemming from reckless driving, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/15/2019