J-S23025-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CAITLYN PHILLIPS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW MICHAEL PHILLIPS, JR. | : | |
| | : | |
| Appellant | : | No. 313 MDA 2022 |

Appeal from the Order Dated February 7, 2022
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s): 2014-41267

BEFORE: STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.: **FILED SEPTEMBER 07, 2022**

Andrew Michael Phillips, Jr. ("Appellant") appeals from the order granting the petition for protection from abuse ("PFA") filed by Caitlyn Phillips ("Appellee"). Appellant argues, among other things, that the court erred in granting the PFA petition because Appellee failed to provide evidence to support her claims and she committed perjury. We affirm.

Appellant and Appellee were married, but they divorced in 2020. Appellant currently is incarcerated following a 2018 aggravated assault conviction, where Appellee was the victim.

In December 2021, Appellee filed the subject PFA petition. She sought relief against Appellant on behalf of herself, as well as on behalf of Appellee's daughter ("Daughter") and her and Appellant's minor son ("Son"). The trial

---

[*] Retired Senior Judge assigned to the Superior Court.

court granted a temporary PFA order, listing Appellee, Son, and Daughter as protected parties.

The court held a hearing on the petition in February 2022 via video conference. Appellee testified that she filed the PFA petition because Appellant was "incarcerated for nearly beating [her] to death" and she "heard he was up for parole." N.T., Feb. 7, 2022, at 4. She was nervous he would harm her when he was released. *Id.* She said she believed Appellant would harm her because Appellant had written "several letters" to their son "about how [Appellee] is the reason that the family is torn apart" and "during phone calls before the PFA, [Appellant] stated that he would take [Son] away from [Appellee] . . . .so [she] would know what kind of pain he feels." *Id.* at 5. Appellee testified that she did not feel safe and worried Appellant would do something to her or the children. *Id.* She further testified that Appellant had broken her orbital bone in 2013. *Id.*

Appellant responded that he would like to see the letters Appellee referenced and that he had attempted to subpoena the phone records. *Id.* at 6. He testified about Appellee's claim he broke her eye socket in 2013, stating, "It didn't happen in 2013." *Id.* at 7. He also said he had sent the court an affidavit from a police officer regarding the incident and Appellee's testimony about what occurred in 2018, claiming it does not match the information in the PFA petition. *Id.*

Following the hearing, the court issued a PFA order for one year, identifying Appellee as the only protected party. The order granted Appellee

temporary custody of Son and permitted Appellant to write letters to Son. The order noted any custody changes were temporary and either party could initiate custody proceedings. Appellant filed a motion to dissolve the order, alleging he had not properly been served and Appellee had failed to present sufficient evidence. Before the court ruled on the motion, Appellant filed the instant appeal.

Appellant raises the following issues:

> 1. Did the Trial Court err in requiring any proof of these said letters or phone calls, after [Appellant] requested a subp[oen]a for all phone conversations from Tela-communications/SCI-Rockview to [Appellee's] phone number[]?

> 2. Did Trial Court err in determination of the statements made by [Appellee] differ from her claim on this P.F.A. then her statements about the 2018 incident, with the sworn affidavit, to the Carbondale police department, and the sworn testimony in Criminal Court of Lackawanna County?

> 3. Did the Trial Court err in denying the Motion of Dismissal filed by [Appellant] before the Feb[ru]ary 7, 2022 Protection From Abuse Hearing?

> 4. Did the Trial Court err by improperly grant[ing] a Protection From Abuse order, due to a missues [sic] of the Courts by a claim[] made declaration of perjury?

Appellant's Br. at Statement of the Issues.[1]

Appellant's first, second, and fourth issues challenge the sufficiency of the evidence to support the issuance of the PFA order.

---

[1] Appellee did not file a responsive brief.

Appellant argues he has not posed a threat to Appellee. He also claims Appellee committed perjury, claiming her testimony at the hearing on the PFA petition differed from her interview and testimony following the 2018 assault, pointing out alleged discrepancies, including a discrepancy regarding whether Appellant was on top of her while he punched her. He claims he completed programs while incarcerated to improve his life, but he will be unable to improve his life when he is "still being accused of things that are just not happening." Appellant's Br. at 2. He claims the court should have requested proof of Appellee's claims, claiming the PFA order was issued without evidence of any communication happening between Appellant and Appellee.

We review the grant or denial of a PFA order for an abuse of discretion or error of law. *Mescanti v. Mescanti*, 956 A.2d 1017, 1019 (Pa.Super. 2008). An abuse of discretion occurs where there is not merely an error of judgment, but where judgment is manifestly unreasonable, the law is not applied, or the record shows that the decision is a result of partiality, prejudice, bias, or ill will. *Id.*

When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict-winner, and we give the party that prevailed below the benefit of all reasonable factual inferences. *Id.* at 1020. As the fact-finder in a PFA proceeding, the trial court is free to believe all, some, or none of the testimony presented. *Commonwealth v. Waugaman*, 167 A.3d 153, 155–56. (Pa.Super. 2017). The fact-finder alone

assesses the credibility of witnesses and the weight to accord their testimony. *Mescanti*, 956 A.2d at 1019–20.

To obtain a PFA order, the petitioner must prove the allegation of abuse by a preponderance of the evidence. 23 Pa.C.S.A. § 6107(a). The term "abuse" is defined under the PFA as:

> The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.
>
> (2) Placing another in reasonable fear of imminent serious bodily injury.
>
> (3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).
>
> (4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).
>
> (5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S.A. § 6102.

The trial court found Appellee's testimony credible and we defer to the trial court on issues of credibility. *See Mescanti*, 956 A.2d at 1019–20.

Appellee testified that Appellant had caused her serious injury in the past, she had heard he would soon be eligible for parole, he had included threats in his letters to their son, and had threatened her during phone conversations. This was sufficient to support a finding of abuse as Appellant caused Appellee bodily injury and placed in her reasonable fear of imminent serious bodily injury upon his parole. Appellee was not required to present additional evidence, and that her testimony may have differed slightly from past testimony would not prevent a fact finder from finding her credible. The court did not err or abuse its discretion in entering the PFA order.

In his fourth issue, Appellant claims the court erred in denying his motion to dismiss. He claims the PFA petition did not have an accurate address and he was not served. Both the motion to dismiss and the notice of appeal are dated February 9, 2022. Therefore, the trial court lost jurisdiction with the filing of the appeal and has not addressed the motion. *See* Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). Because the trial court has not address this issue, we also cannot address this issue. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Furthermore, even if this issue were properly before us, we would conclude it lacked merit. Pennsylvania Rule of Civil Procedure 1930.4 provides that a party who appears for the hearing or conference in a domestic relations

matter will be deemed to have been served. Pa.R.C.P. 1930.4(i). Father does not claim he was unaware of the final hearing on the PFA, and he, in fact, attended the hearing. Moreover, the record contains proof of service on Appellant by the Sheriff's office. This claim fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/07/2022