J-S83020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANNA SIGORENKO, | |
| Appellant | No. 3798 EDA 2016 |

Appeal from the Judgment of Sentence December 9, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010627-2015

BEFORE: GANTMAN, P.J., OLSON AND DUBOW, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 08, 2018**

Appellant, Anna Sigorenko, appeals from the judgment of sentence entered on December 9, 2016. In this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, ***Anders v. California***, 386 U.S. 738 (1967). We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw. Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous. We, therefore, grant counsel's petition to withdraw and affirm the judgment of sentence.

The factual background and procedural history of this case are as follows. Early in the morning on August 29, 2015, Amanda Maraj ("Maraj")

left a restaurant and placed her wallet in her vehicle. She then spoke with family for approximately two hours in the area around her vehicle. When Maraj reentered her vehicle, her wallet was missing.

One week later Appellant contacted Maraj and informed her that she knew who stole the wallet. When the two met, Appellant told Maraj that she had some of the twenty credit cards that were in Maraj's wallet and provided the name of the alleged thief. Appellant also offered to return all of Maraj's property in exchange for $100.00. Maraj agreed to this arrangement and they scheduled a later meeting. Prior to the scheduled meeting, Appellant increased her demand to $120.00. Appellant was arrested when she, along with her son, appeared to make the exchange with Maraj.

On November 2, 2015, the Commonwealth charged Appellant via criminal information with receiving stolen property.[1] On August 10, 2016, Appellant was convicted of that offense. On December 9, 2016, the trial court sentenced Appellant to one year of probation. This timely appeal followed.[2]

Appellant's counsel raises one issues in his **Anders** brief:

> Was the evidence sufficient to prove [Appellant] guilty beyond a reasonable doubt?

**Anders** Brief at viii.

---

[1] 18 Pa.C.S.A. § 3925(a).

[2] Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. *See Commonwealth v. Blauser*, 166 A.3d 428, 431 (Pa. Super. 2017) (citation omitted). To withdraw under *Anders*, court-appointed counsel

> must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se*, or raise any additional points worthy of this Court's attention.

*Commonwealth v. Cook*, 175 A.3d 345, 348 (Pa. Super. 2017) (cleaned up).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Santiago*, 978 A.2d 349, 355 n.5 (Pa. 2009), *quoting* *McClendon*, 434 A.2d at 1187. It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations. We now turn to whether this appeal is wholly frivolous.[3]

---

[3] Appellant did not file a response to counsel's *Anders* brief.

The lone issue raised in counsel's **Anders** brief is whether there was sufficient evidence to convict Appellant of receiving stolen property. "The determination of whether sufficient evidence exists to support the verdict is a question of law; accordingly, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Johnson**, 160 A.3d 127, 136 (Pa. 2017) (citation omitted). In assessing Appellant's sufficiency challenge, we must determine "whether viewing all the evidence admitted at trial in the light most favorable to the [Commonwealth], there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Grays**, 167 A.3d 793, 806 (Pa. Super. 2017) (citation omitted). "[T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. . . . [T]he finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence." **Commonwealth v. Waugaman**, 167 A.3d 153, 155–156 (Pa. Super. 2017) (citation omitted).

"The elements of receiving stolen property [are]: (1) intentionally acquiring possession, control or title, retaining, disposing, or lending on the security of movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) intent to deprive permanently." **Commonwealth v. Nero**, 58 A.3d 802, 807 (Pa. Super. 2012), *appeal denied*, 72 A.3d 602 (Pa. 2013) (citation omitted). In this case, the

-4-

Commonwealth produced overwhelming evidence to prove all three elements. First, Appellant was apprehended with Maraj's moveable property and Appellant admitted to possessing her moveable property. Second, Maraj informed Appellant that the wallet was stolen. Nonetheless, Appellant retained possession of the wallet. Finally, Appellant intended to permanently deprive Maraj of her moveable property. Appellant had the opportunity to return the wallet and its contents on two occasions but failed to do so. Instead, she demanded that Maraj pay a ransom in exchange for return of the property. At the third meeting, where Appellant was ultimately arrested, she had her son hold the wallet while she attempted to extort funds from Maraj in exchange for the wallet. Hence, any argument that the evidence was insufficient is wholly frivolous.

In sum, we conclude that the sole issue raised in counsel's **Anders** brief is wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw. Having determined that the sole issue raised on appeal is frivolous, we affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/18